UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEVIER CONSTRUCTION, INC.**                                              **CIVIL ACTION**

**VERSUS**                                                                          **No. 10-984**

**APAC MISSISSIPPI, INC., ET AL.**                                          **SECTION I**

### ORDER AND REASONS

Plaintiff, Devier Construction, LLC ("Devier"), has filed a motion to remand. Defendant, Russell Trucking, LLC ("Russell"), opposes it. To resolve the motion, the Court must determine whether a forum-selection clause specifying that "the litigation of any disputes shall be courts of competent jurisdiction in the Parish of St. Tammany, State of Louisiana" may be interpreted two reasonable, but competing ways. Because the Court finds that the forum-selection clause may reasonably be interpreted two ways, it is required to adopt the meaning least favorable to the drafter. Devier drafted the clause. Accordingly, the motion is **DENIED**.

### *BACKGROUND*

A realty company hired Devier, a Louisiana corporation, to build a pharmacy in Jackson, Mississippi.[1] Devier subcontracted much of the work to Mississippi contractors, landscapers, and trucking companies.[2] Devier executed these agreements using its standard subcontract.[3] The subcontracts contained a forum-selection clause providing that "the venue for the litigation of any disputes shall be courts of competent jurisdiction in the Parish of St. Tammany, State of Louisiana."[4] The parties agree that Devier drafted the clause.[5]

---
[1] R. Doc. No. 1-4, pg. 2.
[2] See id.
[3] R. Doc. No. 36.
[4] R. Doc. No. 17-2, pg. 7.

Shortly after Devier finished constructing the pharmacy, the realty company notified it that the parking lot and landscape areas were "failing."[6] On January 26, 2010, Devier sued its subcontractors and their insurance companies in Louisiana state court in St. Tammany Parish.[7] Russell, a Mississippi corporation, subsequently removed the case to federal court with the consent of all other defendants.[8] Having filed a timely notice, Devier asks this Court to remand the case to state court.

*LAW*

Federal law determines the enforceability of forum-selection clauses in diversity cases. Alliance Health Group, LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399 (5th Cir. 2008). If certain conditions are met, an enforceable forum-selection clause can prevent a defendant from removing a case to federal court even though federal subject-matter jurisdiction otherwise exists. See, e.g., Collin County, Texas v. Siemens Bus. Serv., Inc., 250 Fed. App'x 45 (5th Cir. 2007) (unpublished). As the Fifth Circuit has held, a forum-selection clause will "prevent a party from exercising its right to removal" only if "the clause [gives] a 'clear and unequivocal' waiver of that right." City of New Orleans v. Mun. Admin. Serv., Inc., 376 F.3d 501, 504 (5th Cir. 2004) (citations omitted). Further, "A party may waive its rights . . . by establishing an exclusive venue within the contract." Id. Nevertheless, Fifth Circuit precedent requires courts faced with "two reasonable, but conflicting interpretations of a contract provision" to adopt the interpretation least favorable to the drafter. Alliance Health Group, 553 F.3d at 402. The Fifth Circuit has applied this principle in the specific context of forum-selection clauses cases. See, e.g., id.

---

[5] R. Doc. Nos. 35 & 36.
[6] R. Doc. No. 1-4, pg. 2.
[7] R. Doc. No. 1-4, pg. 1.
[8] R. Doc. No. 1.

*DISCUSSION*

The parties' briefs reveal three essential disagreements. First, the parties debate the meaning of the forum-selection clause. For example, Devier maintains that the clause mandates that this litigation be conducted in a Louisiana state court in St. Tammany Parish, while Russell contends that the clause allows the litigation to carry on in federal court in Orleans Parish. Second, the parties disagree over the impact that mediation and arbitration provisions in the subcontracts have on the motion to remand. Finally, the parties argue over whether Devier's decision to join third-party insurance companies that never signed the forum-selection clause caused Devier to waive its right to remand. Because Devier's alleged failure to follow the contract's dispute resolution mechanism does not bear on this Court's jurisdiction, the Court declines to address that issue on a motion to remand. Further, as the Court finds that removal was proper, any question regarding Devier's waiver of its right to remand is moot.

Courts faced with "two reasonable, but conflicting interpretations of a contract provision" must adopt the interpretation least favorable to the drafter. Alliance Health Group, 553 F.3d at 402. In drafting the forum-selection clause, Devier specified that "venue shall be courts *of competent jurisdiction* in St. Tammany Parish."[9] This clause can reasonably be interpreted two ways. First, as Devier urges,[10] the clause can be interpreted to mean that venue may only be courts physically located in St. Tammany Parish. Under this interpretation, the phrase "in St. Tammany Parish" modifies "courts." Second, given the numerous definitions the dictionary and everyday usage assign to the word "of," the phrase "courts of competent jurisdiction" can also be

---

[9] R. Doc. No. 17-2, pg. 7 (emphasis added).
[10] R. Doc. No. 30.

understood to mean "courts *possessing* competent jurisdiction in St. Tammany Parish"[11] Thus, another reasonable interpretation of the forum-selection clause is that venue may be any court possessing competent jurisdiction when that court's jurisdiction may be exercised in St. Tammany Parish. Under this latter interpretation, "in St. Tammany Parish" modifies "competent jurisdiction."

As noted above, when "two reasonable, but conflicting interpretations" of a forum-selection clause exist, Fifth Circuit courts must adopt the interpretation least favorable to the clause's drafter. Alliance Health Group, 553 F.3d at 402. As Devier drafted the clause,[12] the Court interprets the clause to mean that venue shall be proper in courts possessing competent jurisdiction in St. Tammany Parish. The Eastern District of Louisiana is authorized to exercise its jurisdiction in St. Tammany Parish and, therefore, remand is improper.

The Court acknowledges that this holding appears to depart from those found in similar cases. Those other cases, however, are easily distinguished. For example, in Genesis Services Group, Inc. v. Culi-Services, Inc., No. 4:98-CV-145-BO(3), 1999 WL 1939986 (E.D.N.C. March 30, 1999), the United States District Court for the Eastern District of North Carolina considered an almost identical forum-selection clause.[13] The clause specified that "venue for such dispute shall lie in any court of competent jurisdiction in Wake County, North Carolina." Id. Although the court found that the clause "evince[d] a clear intent that only state courts will have jurisdiction and necessarily rules out the jurisdiction of a federal court," it employed reasoning the Fifth Circuit has expressly rejected. For example, as the court explained, "where the

---

[11] See, e.g., Of, Merriam-Webster's Online Dictionary, M-W.com, http://www.merriam-webster.com/dictionary/of (last visited July 9, 2010) ("10 —used as a function word to indicate a characteristic or distinctive quality or possession <a woman of courage>").
[12] R. Doc. Nos. 35 & 36.
[13] Although cases construing forum-selection clauses abound, Genesis Services Group is the only case the Court has found involving a clause specifying that venue *shall be courts of competent jurisdiction* in a particular county.

4

language of a forum-selection clause refers to a specific county and not to a specific judicial district, venue is intended to lie only in state court." Id. at *2. The Fifth Circuit recently refused to adopt this logic.

As the Fifth Circuit held in Alliance Health Group, LLC v. Bridging Health Options, LLC, a forum-selection clause's use of the word "county" does not necessarily preclude federal court jurisdiction because "districts and their divisions are defined by specific reference to the counties they encompass." Alliance Health Group, 553 F.3d at 400-01. Accordingly, Genesis Services Group does not impact the Court's analysis.

Further, although a number of cases within the Fifth Circuit have found that federal jurisdiction turns on whether a federal courthouse is located within the county mentioned in the forum-selection clause, those cases involve factually distinct circumstances. For example, in Alliance Health Group, the Fifth Circuit held that a forum-selection clause specifying that "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi" permitted suit in federal court because Harrison County, Mississippi houses a federal courthouse. Id. at 399-402. In contrast, the Fifth Circuit held in Collin County, Texas v. Siemens Business Services, Inc., an unpublished case, that a forum-selection clause providing that "venue for all actions in connection with this agreement shall lie exclusively in Collin County, Texas," precluded federal court jurisdiction because no federal courthouse stood within Collin County, Texas. See Collin County, Texas v. Siemens Bus. Serv., Inc., 250 Fed. App'x 45 (5th Cir. 2007) (unpublished). Similarly, considering a forum-selection clause stating that "[b]orrower hereby consents to the exclusive jurisdiction of the courts sitting in Kendall County, Texas" the United States District Court for the Western District of Texas held that "when a forum selection clause sets exclusive venue in a county in which no federal court is located, the clause cannot

5

reasonably be interpreted to include a federal district court located in another county." Paolino v. Argyll Equities, No. SA-05-CA-0342-XR, 2005 WL 2147931, at *5 (W.D. Tex. Aug. 31, 2005).

Recognizing both the weight of this authority and St. Tammany Parish's lack of a federal courthouse, the Court nevertheless finds the forum-selection clauses in Alliance Health Group, Collin County, Texas, and Paolino sufficiently distinct from the one currently under consideration. Whereas Devier's clause specifies that venue "shall be courts of competent jurisdiction in the Parish of St. Tammany, State of Louisiana," the forum-selection clauses in Alliance Health Group and Collin County, Texas specified, respectively, that venue "shall occur in Harrison County, Mississippi" and venue "shall lie exclusively in Collin County, Texas." The absence of any mention of "courts," let alone "courts of competent jurisdiction," distinguishes these cases. Further, although the forum-selection clause in Paolino referenced "courts," the clause mandated "jurisdiction of the courts *sitting in* Kendall County." Certainly, an appreciable difference exists between courts possessing competent jurisdiction in a county and courts sitting in a county.

As many courts have recognized, "courts of competent jurisdiction" is a term of art not readily susceptible to a single meaning. Here, Devier did not specify a particular meaning in the contract. Although Devier now asks the Court to interpret the phrase to mean "courts physically located in St. Tammany Parish," Devier, as the drafter of the clause, "easily could have eliminated any question [regarding the clause's meaning] by writing the forum-selection clause differently." Alliance Health Group, 522 F.3d at 402.

To be sure, the Court does not hold that Devier's clause would necessarily allow a federal court to maintain a case such as the one currently under consideration. The Court merely finds

6

that there are two reasonable interpretations of the clause. Because Devier drafted it, the Court must adopt the interpretation least favorable to Devier. Accordingly, **IT IS ORDERED** that plaintiff's motion to remand is **DENIED.**

  New Orleans, Louisiana, July 15, 2010.

              **LANCE M. AFRICK**
            **UNITED STATES DISTRICT JUDGE**